UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUCAS G. BURGER, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED COLLECTION SERVICES INC., doing business as, ALLIED BUSINESS SERVICES, INC. <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:22-cv-00179 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** LUCAS G. BURGER ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of ALLIED COLLECTION SERVICES, INC., doing business as, ALLIED BUSINESS SERVICES, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, *et seq.,* and the Michigan Regulation of Collection Practices, Mich. Comp. Law §445.250 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who at all times relevant resided in East Lansing, Michigan.

6. Defendant is a debt collection agency with its headquarters located at 400 Allied Court, Zeeland, Michigan 49464. The primary purpose of Defendant's business is the collection of defaulted debts owed to others.

## FACTS SUPPORTING CAUSE OF ACTION

7. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1401.

8. At all times relevant, Plaintiff's number ending in 1401 was assigned to a cellular telephone service as specified under 47 U.S.C. §227(b)(1)(A)(iii).

9. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

10. Prior to the events giving rise to this action, Plaintiff received ambulance services, incurring a balance due to the ambulance company ("alleged debt").

11. In or around July 2021, Plaintiff started to receive collection calls from Defendant regarding the alleged debt.

12. In or around July 2021, Plaintiff answered one of Defendant's collection calls and was informed of the alleged debt.

13. That same day, Plaintiff called the ambulance company to discuss the alleged debt.

14. Plaintiff spoke with the owner of the ambulance company ("the Owner") and explained that Plaintiff believed that his insurance company had covered the alleged debt; at this point, the Owner took down Plaintiff's information and advised he would call Plaintiff back.

15. Approximately an hour later, Plaintiff received a return call from the Owner.

16. During this conversation, the Owner stated that everything was handled, admitted fault for the confusion, and gave Plaintiff his name and phone number to provide to Defendant if anything further was needed.

17. Defendant placed another collection call to Plaintiff the following day, which Plaintiff answered.

18. During this conversation, Plaintiff advised of his conversation with the Owner and proceeded to provide Defendant with his contact information.

19. Additionally, Plaintiff also requested that Defendant stop calling him.

20. Defendant's collection calls stopped for a period of time; however, Defendant eventually resumed its collection campaign against Plaintiff.

21. Notwithstanding Plaintiff's request that Defendant stop calling him, Defendant placed at least 40 harassing phone calls to Plaintiff after Plaintiff requested that the collection calls cease.

22. Specifically, on February 15, 2022, Defendant placed twenty (20) collection calls to Plaintiff back-to-back, starting at 8:30 a.m.

23. Further, on February 18, 2022, Defendant placed twenty-one (21) collection calls to Plaintiff back-to-back, starting at 3:39 p.m.

24. Defendant placed these collection calls from the phone number (616) 741-6530.

**DAMAGES**

25. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

26. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

28. Plaintiff was forced to retain counsel to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

29. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

30. The TCPA defines ATDS as "equipment which has the capacity —(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

31. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to

pick phone numbers from a preloaded list of consumer's numbers that are allegedly in default on their payments.

32. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

33. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by placing no less than 40 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

34. As pled above, Plaintiff revoked consent to be called on his cellular phone during a phone call that he answered in July 2021.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

36. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant has no adequate policies and procedures in place to honor consumers' requests that collection calls cease.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and revenue.

39. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, LUCAS G. BURGER, requests that this Honorable Court :

a.  Enter an order finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

b.  Enjoin Defendant from further contact with Plaintiff;

c.  Award Plaintiff statutory damages of at least $500.00 for each and every violation;

d.  Award Plaintiff treble damages of up to $1,500.00 for each and every violation; and

e.  Any other relief as this Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

43. The alleged debt is a "debt" as the term is defined by 15 U.S.C. §1692a(5) because it was incurred for personal or household purposes.

44. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

45. Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

46. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d(5), and e(2) through its unlawful debt collection practices.

  a. **Violations of FDCPA § 1692c**

47. Section 1692c of the FDCPA regulates communication in connection with debt collection.

48. Specifically, §1692c(a)(1) states:

without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably

necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer...In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian,. . .local time at the consumer's location.
15 U.S.C. §1692c(a)(1).

49. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff after he demanded that Defendant cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged debt.

50. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions, including more than twenty calls on both February 15, 2022, and February 18, 2022. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

51. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew that its collection calls were inconvenient to Plaintiff.

    **b.**    **Violations of FDCPA § 1692d**

52. Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §1692d(5).

53. Defendant violated §1692d and d(5) by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff seeking payment on the alleged debt.

54. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff.

55. As pled above, Defendant placed or caused to be placed at least 40 numerous harassing phone calls to Plaintiff without Plaintiff's consent.

    c.    **Violations of FDCPA § 1692e**

56. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

57. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of – (A) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

58. Defendant violated §1692e(2) when it falsely represented the amount of the alleged debt owed by Plaintiff.

59. Specifically, Plaintiff confirmed with the ambulance company that he was not responsible for the alleged debt *and* provided Defendant with contact information for the Owner.

60. At that time, Defendant had knowledge that Plaintiff was not responsible for the alleged debt and still attempted to collect the alleged debt from him.

61. Defendant continued its harassing collection campaign in an attempt to dragoon Plaintiff into making a payment on a debt that he did now owe.

62. As pled above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, LUCAS G. BURGER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES

63. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiff is a "consumer" as defined by §445.251(1)(d) of the Michigan Regulation of Collection Practices (MRCP) because he is a person who allegedly owes a debt. Mich. Comp. Law §445.251(1)(d).

65. Defendant is a "collection agency" as defined by MRCP §445.251(1)(b) because it "is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another." Mich. Comp. Law §445.251(1)(b).

66. Pursuant to MRCP §445.252(n):

> A regulated person shall not commit 1 or more of the following acts:
>
> (n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debt.
>
> Mich. Comp. Law §445.252(n).

67. As pled above, even after being told to stop contacting Plaintiff, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged debt.

68. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to him.

69. Defendant violated MCRP §445.252(n) by placing collection calls at a time it knew to be inconvenient and harassing to Plaintiff.

70. Specifically, Defendant placed or caused to be placed over twenty collection calls to Plaintiff on both February 15, 2022, and February 18, 2022.

71. Defendant violated MRCP §445.252(n) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff after he demanded that Defendant cease contacting him was harassing and abusive.

72. Defendant further violated MRCP § 445.252(n) by causing Plaintiff's phone to ring repeatedly and continuously with as many as 24 collection calls in a 24-hour period attempting to collect of the alleged debt with the intent to annoy, abuse, or harass Plaintiff.

73. As pled above, Defendant placed or caused to be placed at least 40 numerous harassing phone calls to Plaintiff without Plaintiff's consent.

74. Plaintiff was severely harmed by Defendant's conduct.

75. Pursuant to MRCP §445.257:

> (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.
> (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action. Mich. Comp. Law §445.257.

10

**WHEREFORE,** Plaintiff, LUCAS G. BURGER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the MRCP;

b. Enjoin Defendant from placing further violating calls to Plaintiff;

c. Award Plaintiff the greater of Plaintiff's actual damages or $50.00;

d. Award Plaintiff the greater of three times Plaintiff's actual damages of $150.00;

e. Award Plaintiff his reasonable attorney's fees and costs pursuant to MRCP §445.257(2); and

f. Award any further relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 28, 2022                    Respectfully Submitted,

/s Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com